# 97 DTA 122

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL DE SAN JUAN**

CARMEN S. TIRADO BONET
Apelante-Recurrente

v.

DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR
Apelada-Recurrida

Núm. KLRA-97-00124

San Juan, Puerto Rico, a 10 de junio de 1997

Panel integrado por su Presidenta, la Juez Alfonso de Cumpiano
y los Jueces Giménez Muñoz y Miranda De Hostos

Alfonso de Cumpiano, Juez Ponente

**TEXTO COMPLETO DE LA RESOLUCION**

La Sra. Carmen S. Tirado Bonet recurre de una resolución emitida por la Junta de Apelaciones del Sistema de Administración de Personal (JASAP) que denegó su apelación, en la cual impugnaba la retribución que le fue asignada por la recurrida Departamento de Asuntos del Consumidor (DACO), al implantar el Plan de Clasificación y Retribución de sus empleados.

La recurrente alega en su recurso que erró JASAP al declarar no ha lugar su reclamación retributiva; al resolver el caso sin celebrar una vista en la que tuviera oportunidad de presentar prueba y defender su posición; al adjudicar en sus méritos una reclamación prematura y sin contar con todos

los elementos de juicio necesarios; y al emitir una resolución inconsistente con lo resuelto por el Tribunal Supremo, lo que constituye un abuso de discreción y viola el principio de equidad retributiva. ■

Analizados los planteamientos del recurso y su oposición, a la luz del derecho aplicable, procedemos a denegarlo, según más adelante expuesto.

## I

Conforme la documentación ante nuestra consideración, el 1ro. de julio de 1995 entró en vigor el Plan de Clasificación y Retribución de DACO, preparado por la Oficina Central de Administración de Personal del Gobierno del Estado Libre Asociado de Puerto Rico (OCAP). Al momento de su implantación, DACO adoptó la norma de garantizar a todos los empleados un aumento de $100.00 o más y si quedaban bajo el mínimo, y no coincidieran con un tipo intermedio de la escala, se ajustaría al tipo mínimo superior.

A tenor del nuevo Plan, el puesto de la señora Tirado Bonet fue clasificado como Especialista en Estudios Económicos y se le asignó un salario de $1,557.00 mensuales. Previo a ello, la recurrente ocupaba un puesto de Economista IV, con un salario de $1,440.00 mensuales.

Las alegaciones de la recurrente ante JASAP en impugnación de la determinación en cuanto a su puesto, fueron a los efectos de que se violó la ley porque no se tomaron en consideración los aumentos en sueldo por años de servicio y por méritos que había obtenido durante sus años de servicio.

JASAP analizó las comparecencias de las partes y la prueba documental, evaluó la situación de la apelante a la luz de la ley y la reglamentación aplicable y denegó la apelación.

La recurrente plantea en su recurso ante este Tribunal los errores previamente reseñados los cuales son, a nuestro juicio, improcedentes.

## II

El establecimiento de planes de retribución por los administradores individuales, como DACO, queda regulado entre otros, por la Ley de Retribución Uniforme, Ley Núm. 89 de 12 de julio de 1979, según enmendada. En su artículo 5, dicha ley dispone que los planes de retribución se establecerán conforme la capacidad fiscal de los administradores individuales, de manera armónica y que deberán propiciar un tratamiento justo, equitativo y uniforme. 3 L.P.R.A. sec. 760(d). Igual principio de equidad en la asignación de clases de puestos a escalas salariales informa el Reglamento de Retribución Uniforme.

El concepto de equidad retributiva está delimitado en la Ley de Personal del Servicio Público por factores, tales como: *"[n]iveles de responsabilidad, complejidad de las funciones y dificultades existentes en el reclutamiento y retención en diferentes clases de puestos; condiciones de trabajo; oportunidades de ascensos existentes dentro de los planes de clasificación; sueldos prevalecientes en diferentes sectores de la economía; aspectos relativos a costos de vida; y posibilidades fiscales."* Ley Núm. 5 de 14 de octubre de 1975, según enmendada, 3 L.P.R.A. sec. 1354(1); sección 4.6 del Reglamento de Retribución Uniforme.

Debe quedar claro que el principio de equidad retributiva no significa que cuando se implanta una nueva estructura retributiva todos los empleados deban recibir un aumento de la misma cuantía, sino que las personas que realizan una misma labor deben percibir un mismo sueldo. *Aulet Lebrón v. Departamento de Servicios Sociales,* ___ D.P.R. ___ (1991), **91 J.T.S. 73**, pág. 8885.

Las secciones 4.7 y 4.8 del Reglamento de Retribución Uniforme proveen, respectivamente, para la asignación de cada clase a una escala de sueldo y para la reasignación de clases a escalas de sueldos superiores. En este último caso de reasignación, se concederá a los empleados un *"aumento en sueldo que será igual al incremento que reciba la clase a la fecha de efectividad de dicha acción."* En el caso de asignación de las escalas salariales *"se guiará por el objetivo de proveer equidad en la fijación de sueldos".*

Aplicando las anteriores normas al caso de la señora Tirado Bonet, JASAP determinó que se trataba de un nuevo plan de clasificación, bajo el cual DACO tiene amplia facultad para adoptar normas retributivas ajustadas a sus realidades funcionales y presupuestarias. Rechazó específicamente que se aplicara la disposición de la sección 4.8 del Reglamento, *supra*, puesto que no se trataba de enmienda al plan de retribución por efecto de la reasignación de una clase o clases a una escala de retribución superior. El récord sustenta esta determinación.

JASAP expresó, además, que no había alegación o prueba demostrativa sobre la utilización de criterios ajenos a los legales al ajustar el sueldo de la recurrente bajo el nuevo plan. Tampoco lo hay ante este Tribunal.

En cuanto a la retribución que se le asignó a la señora Tirado Bonet, queda evidenciado que se le garantizó el aumento de $100.00 dispuesto para todos los empleados y la cantidad necesaria para hacer coincidir la suma concedida con el correspondiente tipo retributivo de la nueva escala.

Nada de lo expuesto por la recurrente denota el que la agencia se haya apartado de la ley, reglamentación o normas aplicables, al concederle el sueldo correspondiente bajo el nuevo plan. No se nos han traído argumentos válidos para demostrar que se privó a la recurrente de derechos adquiridos ni el récord así los demuestra. Su salario, como hemos indicado, fue superior después del plan al que denegaba y no es inferior al tipo mínimo de la nueva escala. En fin, la alegación de pérdida de aumentos no encuentra apoyo en la argumentación, ni en los documentos sometidos con el recurso.

Lo antes expuesto dispone también de la aseveración al final del recurso, a los efectos de que debe concederse su reclamo de reconocimiento de aumentos bajo la estructura suplantada, independientemente de si se trata de una asignación, reasignación de clases o puestos a escalas salariales o reconocimiento de aumentos. La invocación de la recurrente de lo dispuesto por el Tribunal Supremo en el caso de *Aulet Lebrón v. Departamento de Servicios Sociales, supra,* caso que acompaña con su recurso, no está apoyada en argumentación que establezca la situación análoga de la recurrente. Coincidimos con DACO en que ésta no ha demostrado la irrazonabilidad de las normas expresadas por el Tribunal Supremo en dicho caso en la implantación de la nueva estructura salarial, en específico, según aplicada a ella.

Además de los planteamientos hasta aquí considerados, la recurrente alega que JASAP erró al resolver este caso sin celebración de vista y al adjudicar una reclamación que es prematura.

El artículo 1.2 del Reglamento Procesal de JASAP, Núm. 5370 aprobado el 30 de enero de 1996, dispone que en cualquier reclamación en la cual JASAP tenga ante sí una controversia de derecho, podrá emitir la resolución final correspondiente, sin sujeción a ningún otro trámite procesal. Queda, pues, a discreción de la agencia la celebración de vista, cuando se trate de una cuestión de derecho. En este caso, la recurrente alegó que le correspondía un ajuste retributivo superior al otorgado, a base de su interpretación de la ley y el reglamento. No expuso alegaciones individuales de su situación que ameritara se dilucidara lo planteado en una vista. Esto es, la recurrente no ha establecido que se violó la garantía del debido proceso de ley al no concedérsele vista, por haber sido requerido por ley, o por haberse afectado su vida, propiedad o libertad.

Téngase presente que a la recurrente se le concedió vista ante DACO, en la que se le brindó oportunidad de presentar su prueba. Bajo dicha prueba y la ley aplicable, se determinó por DACO correcta su retribución, aunque se le concedió un paso por mérito, por encima de la misma. Su sueldo mensual aumentó a $1,616.00. Apéndices VIII y IX del recurso. Como antes indicado, su apelación ante JASAP estuvo basada en cuestiones de derecho, lo que no exigía vista, según lo previamente enunciado.

La alegación de que JASAP actuó prematuramente, porque DACO solicitó en mayo de 1996 a OCAP que revisara algunas especificaciones de puestos de otros empleados, es inmeritoria. La recurrente no ha indicado cómo cualquier revisión de otros puestos le afecta a ella, ni la base de su razonamiento de que JASAP no puede decidir ningún aspecto retributivo de este plan, en vista de la revisión parcial y específica solicitada a OCAP.

En conclusión, no proceden las alegaciones de error presentadas por la recurrente, por lo que no desvirtuó la presunción de corrección de los dictámenes administrativos, interpretativos de las leyes que administran las agencias especializadas, como JASAP. Reiteramos la reconocida norma de que los tribunales apelativos sólo intervendrán en dictámenes administrativos cuando son erróneos y atentan contra el orden jurídico vigente. *Reyes Salcedo v. Policía de Puerto Rico,* ___ D.P.R. ___ (1997), **97 J.T.S. 58,** pág. 959; *Murphy Bernabe v. Tribunal Superior,* 103 D.P.R. 692, 699 (1975). Esa no es la situación de este caso.

## III

Por los anteriores fundamentos, se deniega expedir el auto de revisión solicitado.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIO 97 DTA 122

**1.** Iguales planteamientos fueron traídos ante este Panel en el Núm. KLRA-97-00123, recurso que fuera denegado mediante resolución de 30 de mayo de 1997.